IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EMORY GROUP LLC,

    Plaintiff,

       v.

ID SOLUTIONS, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-13-TWT

## OPINION AND ORDER

The Plaintiff Emory Group LLC brings this trademark action against the Defendant ID Solutions, LLC. The Plaintiff alleges that the Defendant has offered to sell, and sold, clothing with a design similar to that marketed and sold by the Plaintiff. It is before the Court on the Defendant's Motion to Dismiss [Doc. 4]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 4] is GRANTED.

## I. Background

The Plaintiff is a clothing company based in South Carolina. (Compl. ¶¶ 2, 7.) It sells merchandise under several brand names, including "GENEOLOGIE." (Compl. ¶ 7.) One particular clothing design bearing the mark GENEOLOGIE[1] "features

---

[1] The Plaintiff has a pending trademark application for the mark "GENEOLOGIE." (Compl. ¶ 11.)

college and university Greek-letter fraternity letters, emblems and logos that potential customers may customize to their preferences before purchasing said apparel." (Compl. ¶ 19.)

The Defendant is a clothing company based in Oklahoma. (Compl. ¶¶ 3, 30.) It also sells "clothing apparel featuring college and university Greek-letter fraternity letters, emblems and logos that potential customers may customize to their preferences before purchasing said apparel." (Compl. ¶ 36.) The Plaintiff asserts that a t-shirt made by the Defendant for an Oklahoma University sorority event – although not bearing the GENEOLOGIE mark – is confusingly similar to GENEOLOGIE Greek-letter apparel. (Compl. ¶¶ 37-38.) The Defendant moves to dismiss, arguing that the Court lacks personal jurisdiction over the Defendant, and in the alternative that the Plaintiff has failed to state a claim.

## II. Legal Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to

withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . .." Walker v. NationsBank of Florida, 53 F.3d 1548, 1554 (11th Cir. 1995). The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995). If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc., 593 F.3d 1249, 1257 (11th Cir. 2010); Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Madara, 916 F.2d at 1514.  "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997).

### III. Discussion

Two requirements must be met for the Court to have personal jurisdiction over the Defendant. First, there must be jurisdiction under Georgia's long-arm statute. See Madara, 916 F.2d at 1514 ("First, we consider the jurisdictional question under the

state long-arm statute."). Second, the exercise of jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment. See id. ("[W]e next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'").

Here, the Court does not have personal jurisdiction over the Defendant under Georgia's long-arm statute.[2] This statute reads, in relevant part:

> A court . . . may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state . . .; (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9-10-91. The Plaintiff argues that there may be jurisdiction under subsections (1) and (2). Each will be discussed.

---

[2] The Georgia long-arm statute does not confer personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. See Diamond Crystal Brands, 593 F.3d at 1259 ("[T]he Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process. . . .[i]t imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process.").

First, subsection (1) is read literally, circumscribed only by the Due Process Clause. See Innovative Clinical & Consulting Servs., LLC v. First Nat. Bank of Ames, 279 Ga. 672, 675 (2005). "[U]nless and until the Georgia courts provide further authoritative guidance, courts in this circuit construing the statute literally will have to delineate the precise contours of the '[t]ransacts any business within this state' requirement of O.C.G.A. § 9-10-91(1) according to the facts of each case." Diamond Crystal Brands, 593 F.3d at 1263. The Court must "examine all of a nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." Id. at 1264. Subsection (1) applies to business transactions "conducted through . . . Internet contacts." ATCO Sign & Lighting Co., LLC v. Stamm Mfg., Inc., 298 Ga. App. 528, 534 (2009); see also Innovative Clinical, 279 Ga. at 675 ("[N]othing in subsection (1) requires the physical presence of the nonresident in Georgia or minimizes the import of a nonresident's intangible contacts with the State."). The defendant must have "purposefully done some act or consummated some transaction in this state." Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517 (2006).

The Defendant is organized under the laws of Oklahoma. (Njoo Aff. ¶ 3.)[3] Its principal place of business is in Oklahoma. It does not have an office in Georgia. (Njoo Aff. ¶ 7.) It has no employees in Georgia. (Njoo Aff. ¶ 7.) It does not own or use any real property in Georgia. (Njoo Aff. ¶ 6.) It has engaged in two transactions with Georgia customers, but these transactions did not include the allegedly infringing clothing apparel. (Njoo Aff. ¶ 11.)

Here, the Plaintiff argues that there is jurisdiction under subsection (1) because the Defendant admits that it has had two customers in Georgia. (Pl.'s Resp. to Def.'s Mot. to Dismiss, at 6-7.) But it is not enough to show that the Defendant transacted business in Georgia. The Plaintiff must also show that its cause of action arises out of those transactions. See ATCO Sign & Lighting Co., 298 Ga. App. at 529 ("Jurisdiction exists if . . . the cause of action arises from or is connected with the act or transaction."). The Plaintiff does not dispute that these two Georgia customers did not purchase the allegedly infringing clothing.[4] The Plaintiff further tries to establish jurisdiction under subsection (1) by pointing out that Georgia customers may access the Defendant's website. (Pl.'s Resp. to Def.'s Mot. to Dismiss, at 7-8.) But

---

[3] Andrew Njoo is the President of the Defendant ID Solutions, LLC. (Njoo Aff. ¶ 2.)

[4] To be clear, the Defendant manufactured the allegedly infringing clothing apparel for a sorority formal at the University of Oklahoma. (Njoo Aff. ¶ 12.)

"subsection (1) long-arm jurisdiction in Georgia expressly depends on the *actual transaction of business* . . . by the defendant in the state." Diamond Crystal Brands, 593 F.3d at 1260 (emphasis added). Even if the Defendant's website may facilitate a future transaction in Georgia relating to the allegedly infringing attire, the Plaintiff does not show – or even allege – that such a transaction has taken place thus far. Accordingly, the Court does not have jurisdiction over the Defendant under subsection (1).

Second, for jurisdiction to exist under subsection (2), the tortious conduct itself must have occurred in Georgia. See Anderson v. Deas, 279 Ga. App. 892, 893 (2006) (Disapproving of cases which "held that a tortious act may be said to have been committed in this state within the meaning of paragraph (2) based either on occurrence of the tortious conduct or commission of the injury in this state."). "In trademark actions, the tort is said to occur where the defendant sells or attempts to sell the offending product." Shieffelin & Co. v. Jack Co. Of Boca, Inc., 725 F. Supp. 1314, 1319 (S.D.N.Y. 1989); see also Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir. 1956) ("[I]n cases of trade-mark infringement and unfair competition, the wrong takes place . . . where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's."); Swift v. Medicate Pharmacy, Inc., No. 10 C 689, 2010 WL 3548006, at *4 (N.D. Ill. Sept. 3,

2010) ("[I]n trademark infringement and unfair competition claims, the 'wrong' is considered to have occurred where the 'passing off' occurs. . . .the situs is where the infringing product is sold, even if the defendant is located elsewhere."). When the tortious conduct occurs over an Internet website, "the situs of this tort is considered to be where the website, or servers which maintain the website, are located." Gucci Am., Inc. v. Frontline Processing Corp., 721 F. Supp. 2d 228, 241 (S.D.N.Y. 2010); see also Swift, 2010 WL 3548006, at *4 ("In infringement litigation involving Internet websites courts have tended to emphasize the location where the website is maintained."); Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC, 819 F. Supp. 2d 1338, 1345 (M.D. Ga. 2011) ("Even if infringement occurred in Georgia as a result of Georgia residents viewing the infringing marks on Defendants' websites . . . the conduct giving rise to the infringement occurred in Arkansas, where Defendants created the websites.").

Here, there is no allegation that the Defendant – an Oklahoma company – hosts its website in Georgia. In response, the Plaintiff cites Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008) for the proposition that the infringing act occurs wherever the website is accessible. That case, however, dealt with the Florida long-arm statute, see id. at 1283-84, and is thus inapplicable here, see Lockard v. Equifax, Inc., 163 F.3d 1259, 1265 (11th Cir. 1998) ("When a federal court uses a state long-arm statute,

because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court.").[5] In the Internet context, Georgia courts have made clear that the culpable conduct occurs wherever the defendant initiates the transmission of information. See Huggins v. Boyd, 304 Ga. App. 563, 565 (2010) ("The conduct giving rise to the offense . . . occurred at the physical place where Huggins typed in and sent his e-mails. The effect was the transmission of the communications along electronic lines and receipt by Boyd . . . at the other end. Therefore, Huggins did not engage in any conduct . . . in Georgia, when he sent the e-mails from out of state."); LABMD, Inc. v. Tiversa, Inc., 509 Fed. Appx. 842, 844-45 (11th Cir. 2013) ("The conduct giving rise to Defendants' alleged offense occurred where Johnson and Tiversa used computers . . . [b]ecause [they] used computers outside of Georgia, Defendants are not subject to personal jurisdiction under subsection (2)."). Accordingly, the Court does not have jurisdiction over the Defendant under subsection (2).

---

[5] The Court notes that – unlike the Georgia long-arm statute – the Florida long-arm statute confers jurisdiction even if the tortious act occurred outside of Florida so long as the *injury* occurred in Florida. See Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1353 (11th Cir. 2013) ("[U]nder Florida law, a nonresident defendant commits 'a tortious act within [Florida]' when he commits an act outside the state that causes injury within Florida.").

The Plaintiff argues that the Court ought to permit limited jurisdictional discovery. "A plaintiff has a qualified right to conduct jurisdictional discovery when jurisdictional facts are in dispute." Cold Smoke Capital, LLC v. Gross, No. 1:11-CV-3558-WSD, 2012 WL 3612626, at *8 (N.D. Ga. Aug. 21, 2012) (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729-30 & n.7 (11th Cir.1982)). Here, the facts relevant to the jurisdictional inquiry are not really in dispute.[6] The Plaintiff's only argument in favor of allowing limited discovery is that it may reveal that Georgia residents can access the Defendant's website and potentially purchase items from the Defendant. (Pl.'s Resp. to Def.'s Mot. to Dismiss, at 10.) However, as explained above, this alone would not give the Court personal jurisdiction over the Defendant. Thus, the Court denies the Plaintiff's request for limited jurisdictional discovery. See Cold Smoke Capital, 2012 WL 3612626, at *8 ("[A] district court may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction, or if the proposed discovery seems unlikely to shed light on the jurisdictional question.") (quoting Charles Alan Wright et al., *Federal Practice and Procedure* § 2008.3, at 184 (2010)). Because the Court

---

[6] The Plaintiff did not even allege in its Complaint that anyone in Georgia has purchased the allegedly infringing clothing apparel from the Defendant.

lacks personal jurisdiction over the Defendant, it need not address whether the Plaintiff has stated a claim for relief.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 4].

SO ORDERED, this 10 day of April, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge